# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MICHAEL OMONKHOMON,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 02-2332

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-198-968)

Submitted: July 31, 2003

Decided: August 18, 2003

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

## COUNSEL

Irena I. Karpinski, LAW OFFICE OF IRENA I. KARPINSKI, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Terri J. Scadron, Assistant Director, Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Omonkhomon, a native and citizen of Nigeria, petitions for review of a final order of the Board of Immigration Appeals (Board) affirming the Immigration Judge's (IJ) decision to deny Petitioner's Motion to Reconsider. The IJ declined to reconsider her decision to deny Petitioner's application for adjustment of status and found that in any event Omonkhomon is now statutorily barred from that relief due to his failure to voluntarily depart the United States by the deadline specified in the order. *See* 8 U.S.C. § 1252b(e)(2)(A) (1994).*

Omonkhomon contends that the IJ violated his right to due process by mistakenly treating his Motion to Reconsider as a motion to reopen. We have examined the IJ's decision and conclude this contention is meritless, as it is clear that the IJ treated the motion as one for reconsideration and applied the proper standard. *See Matter of Cerna*, 20 I. & N. Dec. 399 (BIA 1991); 8 C.F.R. § 3.2(b)(1) (2003). Petitioner also claims that his due process rights were violated when the IJ intentionally delayed ruling on his Motion to Reconsider until after the expiration of the period of voluntary departure. Our review of the record discloses no evidence that the delay in question was intentional. Nor does such a delay qualify as an exceptional circumstance justifying Petitioner's failure to voluntarily depart in a timely manner. *See Stewart v. INS*, 181 F.3d 587, 596 (4th Cir. 1999).

Omonkhomon next contends that the IJ abused her discretion in denying his application for adjustment of status to that of lawful permanent resident based on his marriage to a United States citizen. Our review discloses that this discretionary decision was not appealed by Petitioner and was not the basis of the denial of the Motion to Recon-

---

*Because Omonkhomon was placed in deportation proceedings prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, his case is governed by the prior version of the provision barring adjustment of status for an alien who has failed to voluntarily depart. The current version of that provision is found at 8 U.S.C. § 1229c(d) (2000).

sider. Even assuming the decision were before us, we would not have jurisdiction to review it. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009, § 309(c)(4)(E).

We accordingly find no abuse of discretion in the decision to deny the Motion to Reconsider. *See INS v. Doherty*, 502 U.S. 314, 323-24 (1992). We deny the petition for review and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*